UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA B. MITCHELL and ROBERT HECTOR, <br><br> Plaintiffs, <br><br> v. <br><br> VOLKSWAGEN GROUP OF AMERICA, INC.; VOLKSWAGEN AKTIENGELLSHCAFT; and VOLKSWAGEN DE MEXICO, S.A. DE C.V., <br><br> Defendants. | CIVIL ACTION <br> No. 1:10-cv-0944-SCJ |

## ORDER

This matter is before the Court on Defendants' emergency motion to strike expert reports and otherwise limit Plaintiffs' new expert disclosures [Doc. No. 115].

### I. BACKGROUND

On July 2, 2013, Defendants filed a motion to strike a supplemental expert report and the disclosure of two rebuttal experts made by Plaintiffs. Defendants raise two objections. First, Defendants object to the recently disclosed second supplemental report of Charles Benedict, Ph.D., P.E. Second, Defendants object to the designation of Mariusz Ziejewski, Ph.D., Inz. and the intended designation of

Charles Winkelman, M.D., a neurologist,[1] to rebut the opinion provided by Defendants' expert, Elizabeth H. Raphael, M.D., F.A.C.E.P., in her supplemental report. Each of these objections is discussed below in turn.

The following is the relevant time-line: (1) Plaintiffs served the initial reports of their experts in December 2011; (2) Defendants served the initial expert reports of David M. Blaisdell, Gregory Stephens, and Dr. Raphael in March 2012;[2] (3) Defendants served supplemented reports by Mr. Blaisdell, Mr. Stephens, and Dr. Raphael on June 3, 2013; (4) with Defendants' agreement, Plaintiffs designated Ying Lu, Ph.D. as a rebuttal expert in response to the Raphael supplemental report; (5) on June 18, 2013, Dr. Benedict inspected the accident vehicle's seat belt assembly; (6) on June 26, 2013, Plaintiffs served a second supplemental report by Dr. Benedict; (7) Dr. Lu's rebuttal report was served on Defendants on June 26, 2013; (8) on June 28, 2013, Plaintiffs designated Dr. Ziejewski as an additional expert witness to rebut the supplemental opinion of Dr. Raphael; and (9) on July 2, 2013, Plaintiffs filed the

---

[1] As of the time of the filing of Defendants' motion to strike, Dr. Winkelman was identified as a witness Plaintiffs intended to designate as an expert. Following the filing of Defendants' motion, Plaintiffs filed the expert report of Dr. Winkelman.

[2] Plaintiffs did not depose these experts or file supplements to the reports of their own experts.

rebuttal report of Dr. Winkelman; (10) the Court held a hearing on the motion to strike on July 9, 2013.

II. ANALYSIS

A. FEDERAL AND LOCAL RULES REGARDING EXPERT DESIGNATIONS AND REPORTS

Rule 26(a)(2)(A) of the Federal Rules of Civil Procedure requires the parties to disclose the identity of any expert witness who may be used to present evidence at trial.

> [T]his disclosure must be accompanied by a written report — prepared and signed by the witness — if the witness is one retained or specially employed to provide expert testimony in the case.... The report must contain: (I) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; [and] (iii) any exhibits that will be used to summarize or support them....

Fed. R. Civ. P. 26(a)(2)(B). Rule 26(e) speaks specifically to the filing of supplemental expert reports, requiring a party to supplement or correct its expert's report or deposition testimony "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect." Any supplemental reports must be filed at least thirty days before trial, unless otherwise ordered. *See* Fed. R. Civ. P. 26(e)(2). Where a particular disclosure necessitates a rebuttal, absent a stipulation or a court order to the contrary, the report of the rebuttal expert must

-3-

be provided within 30 days of the disclosure. Fed. R. Civ. P. 26(a)(2)(D).[3] Lastly, once an expert's report is disclosed, Rule 26(b)(4)(A) authorizes a party to depose that expert. While the applicable Local Rule does not specify deadlines for the disclosure of supplemental reports or rebuttal experts, it requires generally that the parties designate all experts in sufficient time to allow for their deposition prior to the close of discovery. LR 26.2(C), NDGa.

The Eleventh Circuit has explained that "Rule 26's 'expert disclosure rule is intended to provide opposing parties reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses'" and that Local Rule 26.2(C)'s requirement for the designation of expert witnesses is in accordance with this purpose. *OFS Fitel, LLC v. Epstein, Becker & Green, P.C.*, 549 F.3d 1344, 1361-62 (11th Cir. 2008) (*quoting Reese v. Herbert*, 527 F.3d 1253, 1265 (11th Cir.2008)). Rule 26 and Local Rule 26.2(C), when read in conjunction, require that expert reports must be submitted and expert depositions completed before the close of discovery. *Reese*, 527 F.3d at 1265.

In the event a party fails to comply with Local Rule 26.2(C), it "shall not be permitted to offer the testimony of the party's expert, unless expressly authorized

---

[3] The parties neither sought an order from the Court nor filed a stipulation setting specific deadlines for the filing of expert reports.

-4-

by court order based upon a showing that the failure to comply was justified." Similarly, under Rule 37(c), "if a party fails to provide information . . . as required by Rule 26(e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

Decisions regarding the admissibility of expert testimony under Rule 26 rest upon the discretion of the court. *See Romero v. Drummond Co., Inc.*, 552 F.3d 1303, 1313-14 (11th Cir. 2008) ("a decision to exclude expert testimony because experts' disclosures fail to comply with Federal Rule of Civil Procedure 26(a)(2)(B)" is reviewed for abuse of discretion); *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009).

### B. BENEDICT SECOND SUPPLEMENTAL REPORT

Defendants claim that Dr. Benedict's second supplemental report of June 26, 2013, was untimely. According to Defendants, Dr. Benedict's June 26, 2013, report contained new opinions formed following destructive testing of a seat belt assembly on June 18, 2013, and the review of the crash test video. Rule 26(e) requires supplemental expert reports to be filed in a timely manner, generally, but no later

than 30 days before trial. In accordance with this Rule, Dr. Benedict's second supplemental report, coming 12 days before trial, was untimely.

The parties had in place an informal agreement governing the course of fact and expert discovery. While efforts to co-operate are commendable and highly encouraged by the Court, when, as here, discovery disputes arise, the Court will not enforce any side agreements between the parties, especially those that contravene the applicable rules. *See Porter v. Eli Lilly & Co.*, No. 1:06-CV-1297-JOF, 2007 WL 1630697. at *2 (N.D. Ga. June 1, 2007) ("[T]he court does not enforce any 'side agreements' on discovery issues.").

"The principles of fairness and litigation efficiency are embedded in the Court's Local Rule 26.2C." *Cochran v. Brinkman Corp.*, 75 Fed. R. Serv. 3d 436, 2009 WL 4823858, at *5 (N.D. Ga. 2009). In accordance with this Local Rule, Dr. Benedict's supplemental report should have been provided prior to the close of discovery. Barring that, it should have been filed at least 30 days before trial, in accordance with Rule 26(e)(2). This was not done. And, there was no justification for belated supplementation of the Benedict report. First, Plaintiffs do not contend that they were denied access to the items reviewed by Dr. Benedict to inform his second supplemental report prior to June 2013. Second, according to Defendants, Plaintiffs

received the crash test report in March 2012 and reviewed the crash test vehicle in July 2012 [Doc. No. 115, 9].

Even if Dr. Benedict's observations regarding the crash test are considered factual observations rather than new opinions, the supplementation of his report to include these observations was untimely and the delay in supplementation was not justified. Not only that, the "factual observations" serve as a platform for Dr. Benedict's supplemental opinion, based on his understanding of body and vehicle movements at the time of the accident, that the crash test did not accurately depict the accident. This opinion, even if provided to cure an "incomplete or incorrect" report, was not disclosed "in a timely manner." Fed. R. Civ. P. 26(e)(1)(A).

To the extent the June 26 report was submitted in rebuttal to the initial reports made by Mr. Blaisdell and Mr. Stephens in March 2012, the report was clearly untimely. Next, the Court also considers Defendants' argument that Dr. Benedict's June 26 report should not be excluded, as it was submitted in rebuttal to the June 3 supplemental reports of Mr. Blaisdell and Mr. Stephens, which discuss the crash test. Mr. Blaisdell's supplemental report offers an opinion rebutting the seat defect as previously identified by Dr. Benedict and discusses the results from two additional load testings of exemplar seats [Doc. No. 120-1]. In his supplemental

report, Mr. Stephens notes the point of contact on the crash test vehicle, the diameter of the pole in comparison to the tree hit during the accident, and the severity of the damage to the external structures and components of the crash test vehicle in comparison to the damage on the accident vehicle [Doc. No. 120-2]. Dr. Benedict's supplemental report, however, compares at length the movement of the body during the accident to the bodily movement observed during the crash test, and discusses the seat belt assembly and seat belt movement, the angle and mechanics of the crash test, the actuation of the pop-up protectors, and the SBS restraint systems. None of these points (encompassing ¶¶ 1-7, 9, and 10 of the facts section of Dr. Benedict's supplemental report and ¶¶ 1-10 of the opinion section [Doc. No. 108-1]), rebut the statements made in the reports of June 3. Thus, with the exception of ¶ 8 of the fact section, which arguably rebuts Mr. Stephens's supplemental opinion regarding pole diameter, Dr. Benedict's supplemental report of June 26, 2013, is not a rebuttal report.

### C. ZIEJEWSKI AND WINKELMAN DESIGNATION

On June 3, 2013, Defendants supplemented the expert report of Dr. Raphael to include the opinion that death occurred as a result of a Diffuse Axonal Injury. In response, Plaintiffs designated three rebuttal experts (Dr. Lu, Dr. Ziejewski, and Dr.

Winkelman). Defendants moved to preclude the designation of Dr. Ziejewski and Dr. Winkelman, arguing that their disclosures were untimely and cumulative of testimony to be offered by Dr. Lu. During the hearing on the motion to strike, Defendants withdrew the June 3 supplemental report of Dr. Raphael. Thus, Plaintiffs need no longer present the rebuttal opinions of Drs. Lu, Ziejewski, and Winkelman.

### III. CONCLUSION

For the above-stated reasons, Defendants' emergency motion to strike expert reports and otherwise limit Plaintiffs' new expert disclosures [Doc. No. 115] is **GRANTED IN PART, DENIED IN PART.** Specifically, the June 26, 2013, supplemental report of Dr. Benedict is **STRUCK** in its entirety, with the exception of ¶ 8 of the fact section of this opinion, which Dr. Benedict may discuss in rebuttal to Mr. Stephens's opinion. The motion is **DENIED AS MOOT** to the extent it seeks to limit the disclosure of Drs. Ziejewski and Winkelman.

**IT IS SO ORDERED**, this 10th day of July, 2013.

*/s/ Steve C. Jones*
HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE